IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

GEORGE WILLIAMS, JR.                                   CV. 08-512-MA

        Petitioner,                                ORDER

  v.

J.E. THOMAS,

        Respondent.

MARSH, Judge

Petitioner George Williams, Jr., an inmate in the custody of the Federal Bureau of Prisons (BOP), brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2241. For the reasons that follow, petitioner's habeas corpus petition is denied and this proceeding is dismissed as moot.

## DISCUSSION

**I.   Background.**

Petitioner filed the current petition on April 25, 2008. In his first ground for relief, petitioner seeks an order: (1) to determine his eligibility for the residential drug abuse program (RDAP), and (2) to determine his eligibility for the one year sentence reduction under 28 U.S.C. § 3621(e)(2)(B). Under

1 - ORDER

§ 3621(e)(2)(B), the BOP may reduce a prisoner's sentence up to one year following the successful completion of RDAP.[1]

Respondent moves to dismiss this proceeding as moot, relying on the declaration of Eric Evenson, the Residential Drug Abuse Treatment Program Coordinator at FCI-Sheridan. In his declaration, Mr. Evenson provides that petitioner completed the application process and screening interview to determine his eligibility for entry into RDAP on June 30, 2008. (Motion to Dismiss, (CR #17) Ex. 1, ¶ 2.) Mr. Evenson attests that petitioner is eligible for RDAP, and that petitioner has been placed on the RDAP wait list. (Id.) Mr. Evenson further avers that petitioner is "ineligible for early release under [§] 3621(e), because he has a prior conviction for Attempted Robbery." (Id. at ¶ 3.) Respondent contends that because petitioner has received his RDAP evaluation and has been deemed ineligible for early release, there is no further relief that this court could award, thereby rendering this proceeding moot.

In petitioner's response, he argues that this proceeding is not moot, relying on Crickon v. Thomas, 579 F.3d 978, 982-83 (9th Cir. 2009). In Crickon, the Ninth Circuit struck down 28 C.F.R. §

---

[1] This court previously dismissed ground two of the petition, which alleged that petitioner had been assaulted by correctional officers. (Order, (CR #9).) Petitioner has raised that claim in a *Bivens* action in a separate pending case. Williams v. Thomas, Case No. 08-623-PK.

550.58(a)(1)(iv)(2000), which categorically excluded inmates from early release eligibility upon completion of RDAP based solely on having certain prior convictions.  Petitioner argues that under the ruling in <u>Crickon</u>, his prior Attempted Robbery conviction cannot be relied upon to deny him early release eligibility.  The court granted the BOP additional time to file a reply brief and to assess whether petitioner is eligible for early release in light of the <u>Crickon</u> decision.

As respondent acknowledges, petitioner is correct in that his prior convictions do not preclude him from early release.  As indicated in respondent's most recent briefing, the BOP has re-evaluated petitioner's situation and has concluded that petitioner remains eligible for RDAP and that he is not precluded from early release based upon his current or prior convictions.  (Ogden Dec. (CR #60), Ex. 1 ¶ 4.)  The BOP further provides that as soon as the FBI removes an active detainer lodged against him based on a federal charge that was dismissed, petitioner will be placed on the RDAP waiting list to await assignment to the next available RDAP class. (<u>Id.</u>)

Respondent maintains that in light of these developments, this proceeding is moot.  I agree.

**II.  <u>Analysis</u>.**

Article III of the United States Constitution limits the federal courts to deciding "cases" and "controversies."  U.S.

3 - ORDER

Const. art. III; <u>Allen v. Wright</u>, 468 U.S. 737, 750 (1984). Throughout the litigation, petitioner must suffer, or be threatened with an "actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." <u>Spencer v. Kemna</u>, 523 U.S. 1, 7 (1998)(internal quotations omitted). Thus, if events transpire during the litigation which render the court unable to grant the requested relief, the case becomes moot, and the court is without jurisdiction to hear the case. <u>Calderon v. Moore</u>, 518 U.S. 149, 150 (1996).

In his petition, petitioner sought a determination of his RDAP eligibility and his early release eligibility. Petitioner has received those determinations. Because there is no further effective relief that this court can provide, this proceeding is moot and must be dismissed. <u>Calderon</u>, 518 U.S. at 150.

## **CONCLUSION**

Based on the foregoing, respondent's motion to dismiss (CR #17) is GRANTED. Petitioner's petition for writ of habeas corpus (CR #2) is DENIED as moot, and this proceeding is DISMISSED, with prejudice.

IT IS SO ORDERED.

DATED this __1_ day of DECEMBER, 2010.

_/s/  Malcolm F. Marsh_____
Malcolm F. Marsh
United States District Judge

4 - ORDER

5 - ORDER